IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ELIJAH JONQUAILDESHAWN KING                                    PLAINTIFF


v.                        Civil No. 4:24-CV-04084-CDC


WARDEN JOHN MINERS, Southwest
Arkansas Community Correction Center
(SWACCC); MAJOR VICKY WALKER,
SWACCC; CORPORAL LEUGENE
WHITE, SWACCC; LIEUTENANT BRIAN
MARTIN, SWACCC; CORPORAL LUCAS
McCLAIN, SWACCC                                               DEFENDANTS


## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff Elijah Jonquaildeshawn King, a prisoner serving a sentence at the Southwest Arkansas Community Correction Center ("SWACCC"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. This Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 3). After noting potential legal and factual deficiencies with Plaintiff's original complaint, this Court also previously ordered Plaintiff to submit an amended complaint. (ECF No. 3).

Having now received that Amended Complaint, (ECF No. 8), United States District Court Chief Judge Susan O. Hickey has referred this matter to the undersigned for the purposes of making a report and recommendation on preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's conditions-of-confinement claims

1

against Defendants Corporal Leugene White and Corporal Lucas McClain in their individual capacities proceed and all other claims be dismissed without prejudice.

## BACKGROUND

Plaintiff asserts four claims for relief.[1]  *See* (ECF No. 8).  First, Plaintiff says that when he was placed in segregation cell number 103 on June 18, 2024, the cell had been "trashed" by the prior resident, there was rust around the sink and faucet, black mold growing on the walls, human feces on the wall next to the bunk, and the cell was infested with fire ants.  (ECF No. 8, p. 4).  Plaintiff says that he asked Defendant White for cleaning supplies several times throughout the day and into the next week, but Defendant White responded aggressively, and failed to provide him a grievance form upon his request.  Plaintiff says that while he was housed in segregation, he sustained multiple ant bites, experienced respiratory issues, including a mild cough for two weeks, and lost his appetite, causing him to lose six pounds.  Plaintiff says that the policy is that offenders are to be provided an opportunity to submit a grievance concerning their conditions of confinement.  Further, Plaintiff claims that policies require the prison to provide "safe and secure housing" for inmates.

Second, Plaintiff says that when he was in segregation, he asked Defendant McClain for cleaning supplies, but Defendant McClain denied that request, telling him that "A shift" personnel were responsible for cleaning the cells.

Third, Plaintiff says that on June 23, 2024, he requested to speak to Defendant Walker about his conditions of confinement in segregation cell 103, but he was told he needed to submit a request form.  According to Plaintiff, when he submitted a request form, Defendant Walker

---

[1]    Although Plaintiff refers to his final claim as claim number five, it appears that this is a typo because there is no claim four.  Thus, there are four total claims.  *See* (ECF No. 8).

responded saying that he needed to submit a grievance.  Plaintiff claims that Defendant Walker violated the SWACCC grievance procedure.

Fourth, Plaintiff says that when Defendant Miners was walking through segregation on July 26, 2024, he attempted to talk to him about the conditions he was experiencing in segregation cell 103, but Defendant Miners told him to submit a grievance on the issue.  Plaintiff said that Defendant Miners walked away before he could explain to him that he had already tried unsuccessfully to obtain a grievance form to submit a grievance on these issues.

Plaintiff identifies all the defendants in their individual and official capacities.  He requests compensatory and punitive damages and injunctive relief.

## LEGAL STANDARD

Under PLRA, the Court must review a case initiated by a prisoner prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

3

## DISCUSSION

Plaintiff claims that the Defendants violated his constitutional rights. *See* (ECF No. 8). Thus, this Court considers whether he has established a plausible claim for relief under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).

### A.    Claim 1

Regarding Plaintiff's first claim, he says that the conditions of his confinement in segregation cell number 103 constituted cruel and unusual punishment and that he was denied due process.

### 1.    Conditions-of-Confinement

The Eighth Amendment prohibits "cruel and unusual punishments," and requires that prison officials provide humane conditions of confinement. *See* U.S. Const. amend. VIII; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. But the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To violate the Eighth Amendment, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 347. It is "only the unnecessary and wanton infliction of pain" that implicates the Eighth Amendment." *Id.*

Here, Plaintiff's assertions suggest that Defendant White was aware of the conditions of his confinement but denied his requests to clean his cell. (ECF No. 8, p. 5). Accordingly, for the purposes of preservice review pursuant to 28 U.S.C. § 1915A(a), this Court finds that Plaintiff has

asserted a plausible conditions-of-confinement claim against Defendant White in his individual capacity. *See Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (plaintiff stated conditions of confinement claim where he was "placed in a cell covered with filth and human waste, including the food slot, in violation of the institution's own rules and regulations . . . [his] requests for remedial measures were unheeded, and he was denied access to cleaning supplies").

Plaintiff, however, also identifies Defendant White as a defendant in his official capacity. (ECF No. 8, p. 5). "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). In this case, therefore, as an employee of the SWACCC, Defendant White is alleged to be an agent of the State of Arkansas. It is well-established that "§ 1983 damages claims against [] individual defendants acting in their official capacities are [] barred, either by the Eleventh Amendment or because in these capacities they are not "persons" for § 1983 purposes." *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). But "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Id.*; *see also McDaniel v. Precythe*, 897 F.3d 946, 952 (8th Cir. 2018) ("[A] private party may sue state officials in their official capacities for prospective injunctive relief."). Accordingly, Plaintiff's official capacity claim for damages against Defendant White should be dismissed without prejudice.[2] Plaintiff, however, also requests "an injunction to thwart these critical processes being so egregiously halted in the future." (ECF No. 8, p. 11). But Plaintiff is no longer subject to the

---

[2]    Notably, "the Eleventh Amendment does not bar damages claims against state officials acting in their personal capacities." *Murphy*, 127 F.3d at 754.

conditions of confinement of segregation cell number 103, *see* (ECF No. 8), thus, Plaintiff's request for injunctive relief with respect to those conditions is moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."). Plaintiff's official capacity claims against Defendant White for his conditions of confinement in segregation cell 103 are therefore dismissed without prejudice for failure to state a plausible claim.

### 2. Due Process

This leaves Plaintiff's claim that he was denied due process. As the Court understands it, Plaintiff does not challenge the basis for his transfer to segregation, instead, he claims that he was denied due process because Defendant White "failed to give him a complaint/grievance form when [he asked] for one." (ECF No. 8, p. 5).

The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Review of a due process claim proceeds in two steps. First, the Court must determine whether the claimant was deprived of a protected life, liberty, or property interest. *See Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc). "The possession of a protected life, liberty, or property interest is a condition precedent' to any due process claim." *Id.* (quoting *Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1995)). Second, if a protected interest is at issue, the Court must determine whether the procedures employed were sufficient to safeguard that interest. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974) (setting procedural requirements for prison disciplinary proceedings).

In this case, Plaintiff's due process claim does not proceed past step one. The United States Court of Appeals for the Eighth Circuit has concluded that prison policies establishing an

administrative remedy procedure "do not in and of themselves create a liberty interest in access to that procedure." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam). Thus, Defendant White's purported failure to provide Plaintiff access to the prison's grievance procedure by refusing him a grievance form does not implicate a protected liberty interest triggering due process protections. Plaintiff's due process claim against Defendant White, therefore, fails as a matter of law and should be dismissed.

### B.    Claim 2

Regarding claim two, Plaintiff says that Defendant McClain refused to allow him (or anyone else) to clean his segregation cell. (ECF No. 8, p. 6). Given the purported conditions of Plaintiff's segregation cell, assertions this Court must assume as true for the purposes of preservice review, this Court concludes that Plaintiff has asserted a plausible conditions of confinement claim against Defendant McClain in his individual capacity.[3] *See Howard*, 887 F.2d at 137.

Plaintiff also identifies Defendant McClain in his official capacity. As noted above, such a claim is the same as a claim against the State of Arkansas itself. The State of Arkansas, however, cannot be sued under § 1983 for money damages, only prospective injunctive relief. *Murphy*, 127 F.3d at 754. Because Plaintiff is no longer subject to the conditions that gave rise to his claims, however, Plaintiff's request for injunctive relief is moot. *See Martin*, 780 F.2d at 1337. Plaintiff's official capacity claims against Defendant McClain should therefore be dismissed as moot.

### C.    Claims 3 and 4

Claims three and four are similar—claim three asserts a due process violation against Defendant Walker for purportedly violating the SWACCC grievance procedure and claim four

---

[3]    In recommending that Plaintiff has established a plausible conditions of confinement claim against Defendants White and McClain in their individual capacities for the purposes of preservice review, this Court makes no remark on the potential merits of such claims.

asserts a due process violation against Defendant Miners for failing to enforce the grievance procedure. *See* (ECF No. 8, pp. 7-11).

As noted above, however, to state a plausible due process violation, Plaintiff must first articulate a constitutionally protected life, liberty, or property interest. *Singleton*, 176 F.3d at 424. Because the Eighth Circuit has concluded that there is no protected liberty interest in a prison grievance procedure, *see Flick*, 932 F.2d at 729, Plaintiff's due process claims against Defendants Walker and Miners (claims three and four) should likewise be dismissed without prejudice.

### D.     Defendant Martin

Plaintiff identifies Lieutenant Brian Martin as a defendant to this action in the case caption. (ECF No. 8, p. 1). But in the body of the Amended Complaint, Plaintiff has failed to assert any facts identifying what Defendant Martin allegedly did (or failed to do) in violation of his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Indeed, Plaintiff does not explicitly assert that he is suing Defendant Martin in his individual capacity. Accordingly, this Court must interpret the Amended Complaint as asserting only official capacity claims against Defendant Martin. *See Egerdahl v. Hibbing Comm. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

As noted above, any official capacity claims against Defendant Martin are the functional equivalent of claims against the State of Arkansas, Defendant Martin's employer. As such, the only form of relief available to Plaintiff with respect to Defendant Martin in his official capacity is prospective injunctive relief. *See Murphy*, 127 F.3d at 754. For the purposes of preservice review, however, the only plausible claim for relief that Plaintiff has asserted in his Amended Complaint is a conditions-of-confinement claim under the Eighth Amendment for the conditions

of his segregation cell.  Plaintiff is no longer subject to those conditions.  *See generally* (ECF No. 8).  Plaintiff's request for prospective injunctive relief is therefore moot.  *See Martin*, 780 F.2d at 1337.  Plaintiff's official capacity claims against Defendant Martin should therefore be dismissed without prejudice.[4]

## CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's conditions of confinement claim against Defendant White in his individual capacity (claim 1) **PROCEED**; (2) Plaintiff's conditions of confinement against Defendant McClain in his individual capacity (claim 2) **PROCEED**; (3) Plaintiff's conditions-of-confinement claims against Defendant White and Defendant McClain in their official capacities (claim 1 and claim 2) be **DISMISSED WITHOUT PREJUDICE**; (4) Plaintiff's due process claim against Defendant White (claim 1) be **DISMISSED WITHOUT PREJUDICE**; (5) Plaintiff's due process claims against Defendants Walker and Miners (claims 3 and 4) be **DISMISSED WITHOUT PREJUDICE**; and (4) Defendants Miners, Walker, and Martin be **TERMINATED** from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[4]     Even if Plaintiff explicitly asserted that he was suing Defendant Martin in his individual capacity, because he fails to assert any facts alleging what, specifically Defendant Martin did (or failed to do) in violation of his constitutional rights, Plaintiff's individual capacity claims would similarly fail as a matter of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **STATUS OF REFERRAL:** Plaintiff's Eighth Amendment "conditions-of-confinement" claims against Defendants White and McClain in their individual capacities (claims one and two) remain referred.

      **DATED** this 24th day of September 2024.

*/s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE